UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Theodis Walker,　　　　　　　　　　　　　　Case No. 0:18-cv-01824-DWF-KMM

　　　　　　Petitioner,

v.　　　　　　　　　　　　　　　　　　　　　**REPORT AND**
　　　　　　　　　　　　　　　　　　　　　　**RECOMMENDATION**
Warden Rios,

　　　　　　Respondent.

---

Theodis Walker, Reg No. 38271-013, Duluth Federal Prison Camp, P.O. Box 1000 Duluth, MN 55814, pro se

Ana H. Voss, Ann M. Bildtsen, and Erin M. Secord, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, counsel for respondent

---

　　　Theodis Walker is serving a prison sentence at the Federal Prison Camp in Duluth ("FPC-Duluth"). He originally filed this case a habeas action pursuant to 28 U.S.C. § 2241, and he asked the Court to require the Bureau of Prisons to transfer him to a facility that is closer to his release residence. Pet., ECF No. 1. On November 21, 2018, the Court recommended that his habeas petition be dismissed because Mr. Walker sought relief that was not cognizable in a habeas petition. Alternatively, the Court advised Mr. Walker that if he wanted his case converted into a civil rights action under *Bivens*, he would be required to advise the Court that he chose to do so, and then he would be required to pay the filing fee or apply to proceed *in forma pauperis* ("IFP"). R&R (Nov. 21, 2018), ECF No. 9. Mr. Walker chose to convert his action into a *Bivens* claim and members of Mr. Walker's family paid the filing fee, ECF Nos. 10, 13. The Court withdrew the Report and Recommendation. Order (Dec. 6, 2018), ECF No. 11.

　　　After the withdrawal of the Report and Recommendation, Mr. Walker did not file any proof of service, and the Court ordered him to serve the complaint no later than June 1, 2019. Order (Apr. 3, 2019), ECF No. 17. Alternatively, the Court instructed Mr. Walker to complete an application for leave to proceed IFP because his funds were not used to pay the filing fee and he might qualify for IFP status. *Id.* On April 11, 2019,

1

Mr. Walker filed a document entitled "Notice of Filing Order Requesting Dismissal." ECF No. 18. In it, he states that he is requesting a dismissal order because the First Step Act contains a provision that requires inmates to be "placed within 500 driving miles of their release residences." *Id.*

The Court construes Mr. Walker's April 11, 2019 filing as a notice of voluntary dismissal. Under Rule 41 of the Federal Rules of Civil Procedure, a "plaintiff may dismiss an action without a court order by filing … a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment.…" Fed. R. Civ. P. 41(a)(1)(A)(i). "Unless the notice … states otherwise, the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B). Here, no defendant has been served. Nor has any defendant filed an answer or a motion for summary judgment. Because such events have not occurred, and the Court has construed Mr. Walker's April 11, 2019 notice as a notice of voluntary dismissal, **IT IS HEREBY RECOMMENDED THAT** this action be dismissed without prejudice pursuant to Rule 1(a)(1)(A)(i).

Date: April 23, 2019            *s/ Katherine Menendez*
                                Katherine Menendez
                                United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.